UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEN MILLS ENGINEERING LTD., CP MANUFACTURING, INC., MSS, INC., and KRAUSE MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BULK HANDLING SYSTEMS, and EMERGING ACQUISITIONS, LLC, <br><br> Defendants. | No. 3:10-CV-01070 <br> Chief Judge Todd J. Campbell <br> Magistrate Judge Knowles |

## **STIPULATED PROTECTIVE ORDER FOR JURISDICTIONAL DISCOVERY**

Plaintiffs Ken Mills Engineering Ltd., CP Manufacturing, Inc., MSS, Inc., and Krause Manufacturing, Inc. and defendant Emerging Acquisitions, LLC (which does business as Bulk Handling Systems), by their undersigned counsel, hereby stipulate and agree that the following procedures shall be adopted for the protection of documents and information that any party or non-party deems to be proprietary and confidential and that may be produced during preliminary jurisdictional discovery in this case:

1. The parties, witnesses and third-parties producing documents (the "Designating Party") may designate as confidential such documents, testimony, or other materials produced in this case which they in good faith believe contain, or could lead to the disclosure of, trade secrets or confidential business or commercial information. The parties believe that secrecy pursuant to this Protective Order is in the public interest and that disclosure of confidential information

would cause serious harm, and desire that such information be protected from unnecessary dissemination.

2. This Protective Order applies to documents produced by a Designating Party, responses to written discovery, responses to subpoenas including document production, and deposition testimony and exhibits thereto. If any Designating Party in this action claims that any document or other material produced by a party, witness or third-party, or any information contained in the document or material, is confidential, then the party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

3. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that a Designating Party determines that the answers disclose confidential information or could lead to the disclosure of confidential information and that designation as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is appropriate under paragraphs 4 or 6 of this Protective Order, such Designating Party may designate that information CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, and, when filed with the Court, the transcript containing material designed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be filed together with a motion to file under seal and marked in the manner described in paragraph 6 of this Protective Order.

4. A Designating Party may designate discovery materials as CONFIDENTIAL if they contain or explain (a) confidential information, the disclosure of which may breach duties of confidentiality to the agents, representatives or customers of the designating party, or (b) proprietary commercial or personal information. Information and documents designated CONFIDENTIAL, including all information derived therefrom, shall be used only for purposes of the above-captioned litigation, and shall not be disclosed except in furtherance of the litigation. Use and disclosure of information and documents designated CONFIDENTIAL,

including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated in writing by the parties' counsel or authorized by the Court:

    a. The parties and directors, officers and employees of the parties for whom it is necessary to disclose the information or documents;

    b. Counsel for the parties named in the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees;

    c. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

    d. Any person identified, either on the face of the documents or through testimony or discovery response, as an author or recipient of the documents in the ordinary course of business provided that the use or disclosure is limited to said documents or information derived therefrom.

5. A Designating Party may designate discovery materials as CONFIDENTIAL-ATTORNEYS' EYES ONLY if the discovery materials can be designated as CONFIDENTIAL and if disclosure of such discovery materials may reveal information that could cause competitive harm or disadvantage. Use and disclosure of information and documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY, including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated in writing by the parties' counsel or authorized by the Court:

    a. Outside counsel for the parties named in the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms,

including, but not limited to, paralegal assistants, and stenographic and clerical employees;

  b. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

6. Information and documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when the documents, or any portion(s) of such pleadings, motions, briefs, etc., have been (A) filed by counsel together with a motion to file under seal and appropriate supporting documentation and (B) marked as "**CONFIDENTIAL – FILED UNDER SEAL**."

7. Whenever information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition, any party claiming confidentiality may exclude from the room any person, other than persons designated in paragraphs 4(a)-(d) or 5(a)-(b) of this Protective Order, as appropriate, for that portion of the deposition. A Designating Party may also request that the Court exclude from the room any persons not designated in paragraph 5(a)-(b) if documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY will be disclosed or discussed during a hearing or other court proceeding.

8. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information. Nothing in this Protective Order shall prejudice any party or non-party from seeking amendments broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

9. Within 30 days after any order terminating this case becomes final and not subject to appeal, all materials and copies containing information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, other than copies filed with and retained by the Court, shall be returned to the Designating Party, together with any and all summaries, abstracts, notations and compilations containing documents or information so designated. In the alternative, with consent of the Designating Party, such materials and copies may be shredded or disposed of in a manner to assure destruction and written confirmation certifying such destruction or disposal shall be provided to the Designating Party. Notwithstanding the above, one copy of the court filings and transcripts may be retained by counsel for each party, subject to the terms of this Protective Order. Nothing in paragraph 9 of this Protective Order shall restrict the Court's use or disposition of documents filed with the Court.

10. Each party reserves the right to dispute the designation of information or material as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by any Designating Party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

11. If any party believes that any information or documents have been inappropriately designated by a Designating Party as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the party shall, in writing, inform counsel for the Designating Party. If the non-designating party and the Designating Party are unable to resolve the matter informally within ten business days of receipt of the notice by the Designating Party, the party objecting to the claim to protected status may then file an appropriate motion with the Court. The burden shall be on the moving party to establish that the Designating Party's designation is inappropriate.

12. The inadvertent failure to designate a document, testimony, or other information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY before or at the time of disclosure shall not operate as a waiver of the Designating Party's right to later designate said document, testimony, or other information as CONFIDENTIAL or CONFIDENTIAL-

ATTORNEYS' EYES ONLY unless the receiving party can demonstrate unfair prejudice from late designation. Any such late designation shall be made promptly upon discovery of the inadvertent failure to make such designation at or prior to the time of disclosure, and in the event of dispute as to whether such late designation was timely made, the burden of proof both as to the inadvertence of the original failure to designate and the timeliness of the late designation shall rest with the Designating Party, and the burden of showing unfair prejudice from the late designation shall rest with the receiving party.

13. Use by the non-designating parties, witnesses, and their counsel of any information or documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the preparation for and conduct of this case and shall not be used for any business, commercial, or competitive purpose.

14. This Protective Order in no way operates to restrict the disclosure or use of any information or documents that are known, or become known, through lawful means or proper sources outside of this litigation. Specifically, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party of information or material lawfully obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

15. The restrictions on disclosure and use of information and documents subject to this Protective Order shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this ____ day of _____, 2011.

BY THE COURT:

_____
E. CLIFTON KNOWLES
United States Magistrate Judge
Middle District of Tennessee

SO STIPULATED:

| s/ R. Parrish Freeman, Jr. | s/Steve T. Lovett |
|---|---|
| John F. Triggs (BPR 26718) | Steven T. Lovett (admitted *pro hac vice*) |
| R. Parrish Freeman, Jr. (BPR 027955) | Stoel Rives LLP |
| Ryan D. Levy (BPR 24568) | 900 SW Fifth Ave., Suite 2600 |
| Waddey & Patterson, P.C. | Portland, OR 97204 |
| Suite 500 Roundabout Plaza | (503) 294-9364 |
| 1600 Division Street | |
| Nashville TN 37203 | Edward Ramage (BPR 16261) |
| (615) 242-2400 | Baker Conelson Bearman, Caldwell & Berkowitz, |
| *Attorneys for Plaintiffs* | PCCommerce Center, Suite 1000 |
| | 211 Commerce Street |
| | Nashville, TN   37201 |
| | (615) 726-5771 |
| | |
| | *Attorneys for Defendants* |