IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEN MILLS ENGINEERING LTD., et al. )
)
v. ) NO. 3-10-1070
) JUDGE CAMPBELL
BULK HANDLING SYSTEMS and )
EMERGING ACQUISITIONS, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 6). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED without prejudice for lack of personal jurisdiction.

FACTS

This action arises under the patent laws of the United States. Plaintiffs and Defendant[1] are competitors in the U.S. market for designing, building and supplying municipal recycling facilities. The patents at issue herein are for air drum separators, which are machines used in municipal recycling centers to separate recyclable materials. Plaintiffs seek a declaratory judgment finding, essentially, that Plaintiffs have not infringed any valid patent of the Defendant.

Plaintiff Ken Mills Engineering LTD is company organized and existing under the laws of the United Kingdom. Plaintiff CP Manufacturing, Inc. is a California corporation, and Plaintiff MSS, Inc., a wholly-owned subsidiary of CP, is a Tennessee corporation. Plaintiff Krause Manufacturing, Inc., another wholly-owned subsidiary of CP, is a Washington corporation. Defendant Emerging Acquisitions, LLC ("EA"), is an Oregon limited liability company which does business under the

---

[1] Together, EA and BHS will be referred to herein as "Defendant."

trade name Bulk Handling Systems ("BHS").  Defendant BHS is an Oregon limited liability company with its principal place of business in Eugene, Oregon. BHS designs, manufactures and sells industrial sorting systems, including sorting systems for municipal and manufacturing recycling facilities.

Defendant contends, through the pending Motion, that this Court has no personal jurisdiction over Defendant. Defendant argues that it has no contacts with Tennessee related to the patents at issue and only sporadic and infrequent other contacts with this state.

Plaintiffs allege that Defendant maintains minimum contacts with Tennessee sufficient to subject it to the general personal jurisdiction of this Court.  Plaintiffs base their argument upon Defendant's interest in an Oregon limited liability company,[2] based in Eugene, Oregon, called BHS/NRT Optical Sorting, LLC ("the LLC"), whose members are Defendant and National Recovery Technologies, Inc. ("NRT"), which is a Delaware corporation based in Tennessee and a supplier of optical scanners for use in recycling sorting systems.  Plaintiffs assert that because Defendant has ongoing contacts with NRT through this LLC, Defendant also has substantial, continuous and systematic contacts with the State of Tennessee.

Defendant argues that its connection with NRT, which comes through the Oregon LLC, is not sufficient to create general personal jurisdiction in this Court. Defendant contends that its purchases of NRT equipment through the Oregon LLC and its interactions related thereto do not rise to the level of continuous and systematic general business contacts with Tennessee to support personal jurisdiction here.

---

[2] The Operating Agreement for BHS/NRT Optical Sorting, LLC (Docket No. 21-2) makes clear that it is a LLC formed under the Oregon Limited Liability Company Act.

NRT manufactures and sells optical scanning equipment for use in material recycling facilities. NRT sells its equipment to the LLC, and Defendant purchases that equipment from the LLC. The equipment purchased from NRT is unrelated to the patents at issue herein. Defendant admits that it has an ongoing supply relationship, through the LLC, with NRT, which is a company based in Tennessee. Defendant argues, however, that its contacts with NRT do not support the exercise of general personal jurisdiction over Defendant.

PERSONAL JURISDICTION

The law of the Federal Circuit, rather than the law of the regional circuits, applies to a determination of whether personal jurisdiction over an out-of-state defendant is appropriate in a patent infringement case. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998); *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a state to assert in personam jurisdiction over a nonresident Defendant. *Helicopteros Nacionales de Colombia, SA v. Hall*, 104 S.Ct. 1868, 1872 (1984). Because personal jurisdiction under Tennessee's long-arm statute may be asserted over Defendant on any basis that comports with the Due Process Clause, the single inquiry here is whether jurisdiction comports with due process. *Autogenomics* at 1017; *see also* Tenn. Code Ann. §§ 20-2-214(a)(6) and 20-2-223. Due process is not offended by a state's subjecting the corporation to its personal jurisdiction when there are sufficient contacts between the state and the foreign corporation. *Helicopteros* at 1872.

Plaintiffs do not contend that this Court has specific jurisdiction over Defendant.[3] They argue that this Court has general jurisdiction, which requires that the Defendant have continuous and systematic contacts with Tennessee and confers personal jurisdiction even when the cause of action has no relationship with those contacts. *Autogenomics* at 1017.

In *Helicopteros*, the Court found no personal jurisdiction, even though the defendant sent its chief executive offer to the forum state of Texas for a contract-negotiating session; the defendant accepted into its New York bank account checks drawn on a Texas bank; the defendant purchased helicopters, equipment and training services from a company in the forum state; and the defendant sent personnel to the forum state for training. *Helicopteros* at 1873. In so holding, the Court stated that "purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction." *Id*. at 1874. Further, the Court held that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Id.*

Similarly, the court held that *Autogenomics* was "a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum." *Autogenomics* at 1017. In that case, the defendant had contacted the California plaintiff about licensing negotiations, had attended conferences in California, had sold products to a California company, and had entered into non-exclusive licenses with several California companies. *Id*. at 1015. The defendant also was party to a "collaborative agreement"[4]

---

[3] Specific jurisdiction must be based on activities that arise out of or relate to the cause of action. *Autogenomics* at 1017.

[4] This supply agreement involved "close collaboration" in product development as well as a contract for the supply of equipment. *Autogenomics* at 1015.

4

with a California company, which was described by the defendant as a supply agreement not a joint venture, that allowed it to purchase products from the California company. *Id.* Nonetheless, the court found that all of the contacts alleged, even in combination, were insufficient evidence of continuous and systematic contacts to support personal jurisdiction. *Id.* at 1018.

Here, Defendant maintains no office or physical presence in Tennessee; does not own property in Tennessee; is not licensed to do business here; does not regularly pay any taxes to Tennessee; has no agents or employees located here; does not make regular or ongoing efforts to sell goods or services to residents of Tennessee; has no distributors in or assigned to Tennessee; has not engaged in any advertising campaign targeting Tennessee; and has never attended a trade show here. Docket No. 19. Defendant has not undertaken any activities in Tennessee relating to enforcement of defense of the patents at issue herein. *Id.* Plaintiffs' assertion that Defendant is subject to personal jurisdiction here rests solely on Defendant's relationship with NRT.

Defendant does not buy equipment directly from NRT. Defendant purchases the optical scanning equipment from the Oregon LLC. Defendant's obligations set forth in the Operating Agreement are obligations to the Oregon LLC, not to NRT.[5] Defendant's active participation is in an Oregon LLC based in Eugene, Oregon, not in a Delaware corporation based in Tennessee. In other words, Defendant's activities concerning the Oregon LLC are not evidence of substantial contacts and activity within the state of Tennessee. As in *Autogenomics*, the Court cannot reasonably infer from the LLC Operating Agreement that the agreement will cause Defendant to

---

[5] NRT does not sell, market or distribute any of Defendant's products. Docket No. 19. Defendant exercises no control over NRT's business activities. *Id.*

have significantly more contact with Tennessee than the defendant in *Helicopteros* had with Texas. *Autogenomics* at 1018.

Defendant did not purposefully avail itself of the privilege of acting in Tennessee such as to create a substantial connection and to cause Defendant to reasonably anticipate being haled into court here. *See, e.g., CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1463 (6th Cir. 1996). Neither did Defendant take any direct actions or purposefully direct any activities toward the residents of Tennessee. *See 3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998).

Plaintiffs argue that NRT's contacts with Tennessee should be imputed to Defendant because Defendant is involved in a "joint venture" with NRT. A limited liability company is different from a joint venture, however. As indicated above, Defendant and NRT specifically chose the limited liability company form of business, pursuant to the Oregon Limited Liability Company Act. The Operating Agreement for the LLC states that the members do not intend to form a partnership or to be partners to one another or as to any third party. Docket No. 21-2, ¶ 12.2. In addition, the Operating Agreement states that it shall be governed by and construed according to the laws of the state of Oregon. *Id.*, ¶ 12.9. Under Oregon law,[6] limited liability companies and joint ventures are two different business entities. *See, e.g.,* Or. Rev. St. §71.2010(aa), § 63.077(2)(g) and § 701.046(1)(h)(A) and (C). The Court finds that the contacts of NRT with Tennessee cannot be imputed to Defendant simply because they are both members of the same Oregon limited liability company.

---

[6] Plaintiffs' citations to unpublished decisions from Tennessee, Arizona and Indiana are not persuasive.

Plaintiffs also contend that Defendant and NRT are dependent upon each other for "their very existence." Plaintiffs cannot credibly demonstrate, however, that Defendant is the only purchaser to which NRT might sell its products or that NRT is the only supplier who might provide equipment to Defendant. *See* Declaration of Steven A. Miller (Docket No. 27), ¶¶ 2-10.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 6) is GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

```
                                    _____
                                    TODD J. CAMPBELL
                                    UNITED STATES DISTRICT JUDGE
```